816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russell SPURLOCK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-5733.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1987.
 
 Before WELLFORD and NORRIS, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff appeals from an order of the district court affirming the decision of the Secretary to deny social security disability benefits.
 
 
 2
 According to plaintiff, the decision of the Secretary in failing to find him disabled within the contemplation of the Act, due to a degenerative condition of his left knee, diabetes, and pain, is not supported by substantial evidence.
 
 
 3
 It was plaintiff's burden to establish an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment. The findings of the Secretary, as to any fact, if supported by substantial evidence, are conclusive. Haynes v. Secretary of Health & Human Services, 734 F.2d 284, 287 (6th Cir. 1984).
 
 
 4
 Accordingly, since plaintiff disputes the Secretary's findings, the standard to be applied in our review of the Secretary's decision is the same as that which the district court was required to apply--whether the decision of the Secretary is supported by substantial evidence.
 
 
 5
 It is not for us to reweigh the evidence de novo with a mind to substituting our view of the evidence for that taken by the Secretary, should we disagree with his conclusion. Instead, we are to examine the evidence with a mind to determining whether the Secretary's conclusion is rational, in the sense that it is supported by the kind of relevant evidence which a reasonable mind might accept as adequate to support a conclusion. See Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 6
 The Social Security Act defines "disability" in terms of the effect a physical or mental impairment has upon a person's ability to function in the work place. It provides disability benefits only to persons who are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. 42 U.S.C. Sec. 423(d)(1)(A). And, it specifies that a person must not only be unable to do his previous work, but must be unable, considering his age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. Sec. 423(d)(2)(A).
 
 
 7
 The Secretary has promulgated regulations implementing this definition. They recognize that certain impairments are so severe that they prevent a person from pursuing any gainful work. See 20 C.F.R. Sec. 404.1520(d). A claimant who establishes that he suffers from one of these impairments will be considered disabled without further inquiry. If a claimant suffers from a less severe impairment, the Secretary must determine whether the claimant retains the ability to perform either his former work or some less demanding employment. If a claimant can pursue his former occupation, he is not entitled to disability benefits. If he cannot, the Secretary must determine whether the claimant retains the capacity to pursue less demanding work.
 
 
 8
 We have thoroughly reviewed the administrative record and are of the opinion that there is substantial evidence to support the Secretary's conclusion that plaintiff retained residual functional capacity to perform sedentary work. In addition, the district court, in its memorandum decision of May 8, 1986, capably analyzed and evaluated the evidence found in that record in concluding that substantial evidence supports the Secretary's denial of plaintiff's claim. Accordingly, we adopt the rationale of the district court and affirm its order granting summary judgment to the Secretary and denying plaintiff's motion for summary judgment.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation